# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL PURNELL,

        Petitioner,

v.

        CIVIL NO. 3:10-CV-2285

RONNIE HOLT,

        (Judge Munley)

        Respondent.

## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Michael Purnell ("Petitioner"), an inmate presently confined at the Canaan Federal Prison Camp, Waymart, Pennsylvania (FPC-Canaan). The required filing fee has been paid. Named as sole Respondent is FPC-Canaan Warden Ronnie Holt. For the reasons set forth herein, Purnell's petition will be dismissed without prejudice.

### Background

Purnell plead guilty to multiple wire fraud and identity theft related offenses in the United States District Court for the Eastern District of Pennsylvania.[1] See United States v. Purnell, Case # 2:06-cr-729 (E.D. Pa.)(Judge Pratter). As a result of his conviction on those charges, Petitioner states that he is presently serving an aggregate 121-month term of incarceration which was imposed on September 14, 2007. See Doc. 1, ¶ 3. The Petition notes that Purnell's plea agreement "did not allow a direct appeal." Doc. 2, p. 2. However,

---

[1] Petitioner states that his conviction occurred on May 22, 2007. See Doc. 1, ¶ 2. A review of Purnell's criminal docket from the Eastern District of Pennsylvania confirms that contention.

Petitioner acknowledges that he pursued an unsuccessful collateral challenge to his conviction and sentence via a petition under 28 U.S.C. § 2255. Purnell also admits that he was previously denied permission to file a second or successive § 2255 action by the United States Court of Appeals for the Third Circuit. See In Re: Michael Purnell, C.A. No. 09-4113 (3d Cir. April 27, 2010).

Petitioner's pending action claims entitlement to federal habeas corpus relief on the sole basis that the 24 month sentence that he received as a result of his conviction for aggravated identity theft be vacated pursuant to the standards announced by the United States Supreme Court in Flores-Figueroa v. United States, 129 S.Ct. 1886 (2009). See Doc. 2, p. 3.

**Discussion**

The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules. See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Thus, Section 2241 habeas corpus petitions are subject to judicial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.). In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." In this case, it is apparent from the face of the petition that Purnell cannot seek habeas relief in this Court.

In Flores- Figueroa, the Supreme Court established that in order to secure a conviction

for aggravated identity theft, the Government "prove that the defendant did not simply invent a false identification, but knew that he was using identification belonging to another person." Rogers v. United States, 2010 WL 3023899 *2 (S.D. Ill. Aug. 2, 2010); United States v. Morgan, 2010 WL 1714705 *1 (E.D. Pa. April 27, 2010)(government must establish that defendant knew that the means of identification belonged to a real person at the time he misused it). Petitioner argues that he is entitled to bring his present claims in a § 2241 petition because he is contending that he is actually innocent of aggravated identify theft. Purnell explains that he never admitted and the government neither alleged nor proved that he knew that the means of identification which were the basis for the charge of aggravated identity theft belonged to another person. See Doc. 2, p. 3.

When challenging the validity of a federal conviction, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

3

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his federal aggravated identity theft conviction and the resulting sentence for that offense. Thus, he must do so by following the requirements of § 2255. As previously noted, Petitioner has already sought relief via a § 2255 action, therefore, he must obtain certification from the Court of Appeals to file another collateral challenge to his conviction and sentence. The fact that he is unlikely to secure such a certification does not render the § 2255 process "inadequate or ineffective." Likewise, the fact that both the District Court and the Third Circuit Court of Appeals may have previously denied his present argument does not make his claim cognizable in a § 2241 action.

Furthermore, Purnell's assertion of actual innocence does not authorize this Court to consider his habeas corpus petition. His claim is not based upon the contention that his conduct is no longer criminal as a result of some change in the law. Nor has he shown that he is unable to present his claims in a § 2255 proceeding. As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction

4

of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Clearly, Purnell's claims do not fall within this narrow exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Rogers, 2010 WL 3023899 at *1 (a claim under Flores-Figueroa is not basis for relief under § 2241, rather § 2255 is the appropriate remedy); Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009).

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to seek authorization from the Third Circuit Court of Appeals to file a second or successive § 2255 motion in the United States District Court for the Eastern District of Pennsylvania. An appropriate Order will enter.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

DATED: NOVEMBER 10, 2010

5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL PURNELL,

    Petitioner,

v.

RONNIE HOLT,

    Respondent.

CIVIL NO. 3:10-CV-2285

(Judge Munley)

## ORDER

AND NOW, to wit, this 30 day of November, 2010, for the reasons set forth in the foregoing Memorandum, it is hereby **ORDERED** that:

1. The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of Court is directed to **CLOSE** the case.

3. Based on the Court's conclusion, there is no basis for the issuance of a certificate of appealability.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court